## Thomas' Estate

*James J. Logan,* for exceptions.

*Harvey A. Gross,* contra.

NILES, P. J., November 9, 1936.—Chester H. Thomas died on July 15, 1933, testate. His will was probated on July 20, 1933, and letters testamentary granted to James G. Glessner, Esq., therein named as executor. Testator was married on August 14, 1924, to Grace D. Davis, who survives him. Before their marriage on August 11, 1924, the parties executed an antenuptial agreement providing:

"At his death to provide the said Grace D. Davis, should she at said time be the wife of Chester H. Thomas, with the right to the use and occupancy of the house, No. 636 Linden Avenue . . . and place in trust the sum of $40,-000.00 in some good bank or trust company, the interest and income thereof to be paid to said Grace D. Davis for and during the life or widowhood of the said Grace D. Davis; at her death or remarriage . . . to be distributed as directed by the said Chester H. Thomas in his last will and testament."

It seems that the will devises to the widow the use and occupancy of the Linden Avenue house referred to in the agreement, and a trust fund of $60,000 for life or widowhood, with remainder to testator's appointees. The claim was made before the auditor that there should be considered as a debt the value of the house and $40,000 of the trust fund, without liability for inheritance taxes. The Commonwealth was not represented before the auditor. The auditor deducted from the balance for distribution before calculation of the tax $46,600, being $40,000 of the trust fund, with interest thereon for the two years and nine months since testator's death; and also $3,000 set aside in view of a suit against the estate by the York Trust Company. James J. Logan, Esq., representing the Commonwealth, files exceptions to the action of the auditor regarding these deductions. The Commonwealth claims that the bequest of the trust fund and the devise of the residence are not debts, but are transfers of an in-

terest in property by will, taxable according to the Act of June 20, 1919, P. L. 521, as amended. It is asserted that even if the provisions for the widow in the will are considered as payment of a debt by virtue of the antenuptial contract, only the value of her life estate can be deducted as a debt from the taxable balance.

The accuracy of the auditor's calculations are doubtful on any theory. There should be some adjudication of the taxes due, and at what time, on the whole estate.

The Commonwealth not having been represented before the auditor, we recommit the report for further consideration in the light of such facts and law as the representative of the Commonwealth may present.

For this purpose, without passing finally upon exceptions, the report is recommitted to the auditor for the purposes herein indicated.